## No. 12,803.

### SUCCESSION OF HENRY T. VENNARD; HENRY VENNARD SMITH VS. GEORGE H. VENNARD.

The law requires under penalty of nullity that any agreement made between a tutor and his ward on reaching the age of majority shall have been preceded ten days before the making of the same not only by the delivery by the tutor to his ward of a full account of his gestion with the vouchers in support of the same, but also by the giving at such prior date by the ward to his tutor of a receipt by which said facts are made to appear. C. C. 361, corresponding to Art. 472, C. N.

A settlement of accounts between tutor and ward made without a compliance with these requirements is subject to be reopened by a direct action of nullity though the same may have been evidenced by a notarial act and confirmed by order of court.

There is no obligation on the part of the ward as a condition precedent to the institution of such a direct action of nullity for the purpose of reopening of accounts to tender back to the tutor bonds and property admittedly belonging ·to him which he had received from his tutor at the time of‍ such settlement. Rist vs. Hartner, 44 An. 373; Rist vs. Hartner, 44 An. 480.

The rule which exempts a married woman from the general òperation of the doctrine of estoppel is applicable to a minor seeking the protection of a provision of the Code made specially in his interest to guard him from the pre‍sumed influence of his tutor over him. Recitals made in a notarial act between tutor and his ward on reaching majority which would cut off the right of the latter to avail himself of a declared nullity can not stand.

Mere acknowledgment made by a ward on reaching his majority that he had received payment in full from his tutor of all moneys due him and all property belonging to him and releasing the tutor from all responsibility does not conclude the minor though made in a notarial act. The ward can disprove the truthfulness of the acknowledgment by parol evidence. 49 An. 1402.

A minor seeking to reopen by suit a settlement of accounts made ·between himself and his tutor whom he had released under the provisions of Art. 361 of the Civil Code is not called on to allege error and misrepresentation to authorize his action. It is sufficient to open the door to examination into the state of accounts if he alleges the non-existence of the fact whose existence the law has made a necessary condition precedent to the release of the tutor.

A PPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*Ben. T. Waldo (Omer Villeré of Counsel)* for Plaintiff, Appellant.

*Edgar M. Cahn* for Defendant, Appellee.

Argued and submitted May 7, 1898.
Opinion handed down May 30, 1898.

The opinion of the court was delivered by

NICHOLLS, C. J. The plaintiff in this suit brings a direct action of nullity to set aside an act signed by him on his reaching majority, in which he gave to his tutor, George H. Vennard, a full and complete. discharge as tutor, releasing and relieving him of all responsibility resulting from all acts of his administration, and acquitted and dis-, charged and released him from all claims and demands whatever

which he might have against him on account of said tutorship. In this act plaintiff acknowledged that he had settled and adjusted all accounts with his tutor, George H. Vennard. That the latter had rendered him a full and complete accounting of all transactions and doings in connection with his tutorship. That he had paid him the full share, portion and interest to which he was entitled in the succession of the late Henry T. Vennard, and in all other successions and from whatsoever sources they might be, as well as all moneys and property of whatsoever nature and kind to which he was entitled; that he had received from his tutor a true and correct statement and account of his administration, together with the delivery of all the papers and vouchers in connection therewith. That he had continuous possession and control and custody in his hands of all of said vouchers, papers, accounts and statements for more than ten full days prior to signing the act; that he had carefully examined the same, was satisfied therewith and ratified and approved the same throughout.

.Plaintiff seeks additionally to have set aside a judgment of court based on said act of release by which the tutor was discharged.

The action is based upon Art. 361 of the Civil Code, corresponding to Art. 472 of the Code Napoleon, which declares that " every agreement which may take place between the tutor and the minor arrived at the age of majority shall be null and void unless the same was entered into after the rendering of a full account and delivery of the vouchers, the whole being made to appear by the receipt of the person to whom the account was rendered ten days previous to the agreement."

The District Court was of the opinion that the action could not be maintained for the reason, *first*, that the minor had not tendered back to the tutor twenty-seven thousand one hundred dollars in Louisiana bonds, which he had acknowledged to have received from his tutor at the time of the settlement; *second*, because the minor could not contradict his solemn declarations made in a notarial act; *third*, because the error which the minor assigned as that on which he sought to set aside the acts was an *error in the motive;* that in order that such an error should be available as a ground for setting aside a contract, it must be on the principal cause when there are several. That the error in the motive assigned by plaintiff was not an error on the principal cause of plaintiff's signing the act.

That the principal motive for his doing so was his desire on reaching the age of majority to obtain from his tutor his property in order " as he was on the eve of getting married and required ready funds," he could manage the same. That plaintiff was under no error as to this motive, nor did defendant do anything to mislead him. That the statement made by defendant, that if a settlement was not then made the matter would then be in litigation for an indefinite time, whether true or not, was not the principal motive—that it was not alleged that defendant knew the statement to be false. That, besides, if plaintiff at the time believed it to be true, he signed the act to avoid future litigation; that error of law as well as error of fact invalidates a contract where such error is its only, or principal cause, subject to the modification that a contract made for the purpose of avoiding litigation can not be rescinded for error of law (C. C., Art. 1846).

Plaintiff was of full age, his allegations of ignorance of the law were of no avail and were not consistent with the other allegations of the petition.

4th. Because the allegations of the petition offered would not be sufficient to set aside the notarial act of settlement.

The court erred in supposing that there was any obligation on the part of the plaintiff to tender back to the defendant the twenty-seven thousand one hundred dollars of bonds which he had received from his tutor. There is no claim or pretence that these bonds did not properly belong to the minor—the tutor formally acknowledged that they did so belong to him. There is no pretence made by the tutor that there was any error in that acknowledgment. The act sought to be set aside evidences no contract or compromise between the parties. It is simply a receipt for money accompanied by a consent that the tutor be discharged from further liability. Plaintiff received no consideration from the defendant to serve as a basis for a contract—what he received was avowedly nothing but his own. No tender back of the amount received was necessary as a condition precedent to instituting this suit. Rist vs. Hartner, Tutor, 44 An. 480; Rist vs. Hartner et al. 44 An. 378.

2. If plaintiff's allegations be true, the act in question was violative of a provision of law which was enacted expressly for the protection of minors just reaching majority, and was subject to attack

*as a nullity.* Recitals made in a notarial act, which would cut off the right of a minor to avail himself of the benefit of a declared nullity can not stand.

The plaintiff not only alleges facts going to make the acts complained of a nullity under Art. 361, C. C., but he alleges error and misrepresentation, which of themselves would entitle him *to seek at least to have* the act set aside. The fact that a mere acknowledgment of receipt of money is made in a notarial act does not, of itself, preclude the party making ihe acknowledgment from disproving its truthfulness by parol evidence. The act in question, as we have said, evidences no contract—it is a mere receipt (Equitable Securities Company vs. Talbert, 49 An. 1402) followed by a release without a consideration. Plaintiff, at the time of making the acknowledgment he did, was over twenty-one years of age, but for the purpose of the act we are now considering he was still under the protection which the law throws around minority.

The law would be a dead letter if a tutor, by simply causing his ward to appear before a notary and acknowledging away his causes of action could succeed in shutting the doors of the courts against him. The rule which enables a married woman to attack a confession of judgment made by her, and which exempts her from the general operation of the doctrine of estoppel, is applicable to a minor seeking to avail himself of a provision of the Code made especially in his interest to guard him from the presumed influence of his tutor over him.

3. The court erred in applying to this case the rules of a contract as to error of motive therein. There is no contract and no compromise involved in this matter. Plaintiff avers the non-existence of certain facts whose existence the law makes necessary conditions precedent to the release of a tutor. If these facts do not exist, the act whose validity is dependent thereon fails as a legal consequence. The allegations as to error and misrepresentation, while they strengthen the plaintiff's case, are not essential to it when founded on the provisions of Art. 361 of the Civil Code.

4. We are of the opinion that the allegations of the petition, if true, are sufficient to support an action, the object of which is to test the validity and effect of an act signed by a minor on reaching his majority, giving his tutor a full acquittance, and releasing him from all further liability as such.

The lawmaker has, through Art. 361 of the Civil Code, manifested strongly its disapprobation of hasty settlements and releases between parties standing so related. An exception, the effect of which would cut off inquiry into the merits of such a case, is one which courts should not sustain unless absolutely required so to do. As between these parties, where error and misrepresentation have been set up, as well as a failure to comply with legal requirements precedent, it is desirable, as we said in the Succession of Troxler, 46 An. 749, that light should be permitted to be thrown in as far as possible in aid of right. Both parties should desire a full investigation.

The act signed by the plaintiff, which is relied upon by defendant as estopping him from instituting the present action, fails to show that *by a receipt of the minor* to whom the account was rendered *given ten days previous to that act*, that the vouchers, in support of the account were then, or had been prior thereto, delivered to the ward.

Pretermitting any discussion as to what the situation would have been had the act in question contained such a recital, we think that in its absence the act, though it may not be absolutely null, is open at least to attack and inquiry. C. N. 472, Aubrey et Rau, Vol. 1, page 493, par. 121; Toullier, Vol. 2, No. 1249, Vol. 10, No. 59; Magnin, Vol. 1, Nos. 675, 732; Laurent, Vol. 5, No. 151; Zacharie, Sec. 116, texte et note 6; Demolombe, Vol. 8, Sec. 63; Marcadé, Vol. 2, Sec. 281; Baudry-Lacantinerie, Vol. 1, Sec. 111; Mourlon, Vol. —, Sec. 1217.

We are of opinion that the court erred in sustaining the exceptions filed herein by the defendant, for the reasons herein assigned:

It is hereby ordered, adjudged and decreed that the judgment appealed from be and the same is hereby annulled, avoided and reversed, and it is now ordered, adjudged and decreed that the exceptions filed herein by the defendant be and the same are hereby overruled; that the cause be remanded to the District Court and and there reinstated on the docket and proceeded with according to law.